IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANNETTE SUTPHIN,

               Plaintiff,

v.                                CIVIL ACTION NO.  2:14-cv-01379

ETHICON, INC.,

               Defendant.

MEMORANDUM OPINION AND ORDER

       Pending before the court is Defendant Ethicon's Renewed Motion to Exclude the Case-Specific Opinions of Michael T. Margolis, M.D. [ECF No. 100]. **Plaintiff** Annette Sutphin has responded, [ECF No. 102], and the Motion is ripe for adjudication. For the reasons that follow, the Motion is **DENIED in part** and **GRANTED in part**.

       Also pending before the court is Defendant Ethicon's Motion to Exclude the Testimony of Michael Thomas Margolis, M.D. [ECF No. 28], which is **DENIED AS MOOT**.

## I.    Legal Standard

       Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods" which (3) has been reliably applied "to the facts of the case." Fed. R.

Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court is the gatekeeper. It is an important role: "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony ... is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct"—"[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (alteration in original) (quoting *Daubert*, 509 U.S. at 596 (alteration in original)); *see also Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable ... and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the

particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (citation omitted)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.... Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591–92 (citations and internal quotation marks omitted). At bottom, the court has broad discretion to determine whether expert testimony should be admitted or excluded. *Cooper*, 259 F.3d at 200.

## II.   Discussion

Ethicon asks that the Court preclude Dr. Margolis from (a) providing improper legal conclusions, such as testifying that the TVT-O is defective; (b) opining that a defect in Plaintiff's TVT-O device caused her to suffer from any particular injuries, because such an opinion was not properly and timely disclosed; (c) opining about "life-threatening sepsis; (d) speculating about the state of mind of Plaintiff's implanting surgeon; and (e) testifying about certain untimely disclosed general opinions. I will address each in turn.

### a)   Improper legal conclusions

First, I will address the Motion to exclude improper legal conclusions. Specifically, Defendant asks that Dr. Margolis be precluded from testifying that the TVT-O is "defective." Ex. A [ECF No. 100] ("Ms. Sutphin's pelvic injuries were caused by the defective TVT-O device."). "[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). And "an expert may not offer expert testimony using "legal terms of art," such as "*defective*," "unreasonably dangerous," or "proximate cause." *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2327, 2017 WL 988922, at *5 (S.D.W. Va. Mar. 10, 2017) (emphasis added).

4

Plaintiff concedes that Dr. Margolis cannot testify to a legal conclusion and cannot describe the TVT-O as "defective." To the extent that Dr. Margolis uses the term "defective" to describe the TVT-O, I **GRANT** Defendant's Motion.

b) **Opining that a defect in Plaintiff's TVT-O device caused her to suffer from any particular injuries, because such an opinion was not properly and timely disclosed**

Next, I will address the Motion as it pertains to Dr. Margolis opining that a defect in Plaintiff's TVT-O device caused her to suffer from any particular injuries, because such an opinion was not properly and timely disclosed.

Rule 26 of the Federal Rules of Civil Procedure requires an expert report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37 provides that the court may exclude evidence not properly disclosed under Rule 26 unless the non-disclosing party demonstrates the Rule 26 violation was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1)

Defendant argues that "[i]n response to an hour of questions from Plaintiff's counsel during his April 25, 2018 deposition, Dr. Margolis identified nine alleged defects with TVT-O and, for the first time, provided opinions about how Plaintiff's injuries are purportedly attributable to those alleged defects." Def.'s Mem. [ECF No. 101]. Defendant then argues that the court "should exclude these opinions because they were not properly disclosed in his reports and constitute new opinions." *Id.*

Plaintiff, however, alleges that Dr. Margolis identified specific defects that caused Ms. Sutphin's injuries in the following ways:

> Dr. Margolis authored a Rule 26 report in May of 2017 that discussed at length the nature of the TVT-O and how it causes injuries in women. Then, in his now 3 case specific reports, he has done a full differential diagnosis to rule out other causes of her injuries and determine the defective nature of the TVT-O, as described in that Rule 26 Report, is causing her injuries. Moreover, when he was deposed on April 25, 2018, Dr. Margolis testified at length about the specific nature of the TVT-O and how specifically it was causing each of her injuries.

Pl.'s Resp. [ECF No. 102] 5.

Here, Dr. Margolis wrote in his initial case-specific report about Ms. Sutphin's injuries from the TVT-O, explaining that she suffers several complications including vaginal mesh erosion, vaginal pain, dyspareunia, recurrent urinary tract infections, chronic urinary retention and vulvar abscesses. *See* Ex. B [ECF No. 102]. Then, in the deposition referenced by Defendant, Dr. Margolis describes in detail how the TVT-O has caused Ms. Sutphin's injuries, including her erosions, urinary problems, dyspareunia, and vaginal pain. Ex. D [ECF No. 100]. In addition, I have previously held that an "omission was harmless because it was remedied while the plaintiffs still had an opportunity to depose" the expert. *Waltman v. Bos. Sci. Corp.*, No. 2:12-CV-691, 2016 WL 3198322, at *18 (S.D.W. Va. June 8, 2016). Accordingly, Defendant's Motion to preclude Dr. Margolis from opining that a defect in Plaintiff's TVT-O device caused her to suffer from any particular injuries is **DENIED**. However, as to any other

opinions by Dr. Margolis not previously disclosed in his reports or during his deposition, I **GRANT** Defendant's Motion.[1]

### c) Opining about "life-threatening sepsis"

Next, Defendant asks this court to exclude "Dr. Margolis's opinions about "life-threatening sepsis." Dr. Margolis has opined that it is possible for Ms. Sutphin to develop sepsis if an infection is untreated. Defendant argues "Dr. Margolis's opinion is unreliable and inadmissible, because it is not supported by his physical exam, any records, or any other reliable basis." [ECF No. 101].

Plaintiff argues that "like his opinions regarding the specific defects of the TVT-O, Dr. Margolis's opinion regarding the likelihood that Ms. Sutphin will develop sepsis is properly based on his differential diagnosis, as well as his knowledge, training, and experience as a board-certified urogynecologist…." [ECF No. 103].

I have previously held that testimony regarding future injuries may be allowed and can be attacked for any deficiencies on cross-examination. *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-02955, 2017 WL 2214920, at *2 (S.D.W. Va. May 18, 2017). Accordingly, Ethicon's Motion on this point is **DENIED**.

### d) Speculating about the state of mind of Plaintiff's implanting surgeon

Defendant next moves to exclude Dr. Margolis from speculating about Plaintiff's implanting surgeon's state of mind and his alleged awareness.

---

[1] Plaintiff states in her Response that she "does not intend to elicit opinions from Dr. Margolis that were not previously disclosed either in Dr. Margolis's reports or during his deposition." Pl.'s Mem. Resp. [ECF No. 103].

As I have maintained throughout these MDLs, I will not permit the use of experts to usurp the jury's fact-finding function by allowing an expert to testify as to a party's knowledge, state of mind, or whether a party acted reasonably. *See, e.g.*, *In re C. R. Bard, Inc.*, 948 F. Supp. 2d 589, 611 (S.D. W. Va. 2013) (excluding expert opinions on the defendant's knowledge, state of mind, alleged bad acts, failures to act, and corporate conduct and ethics). The reasonableness of conduct and a party's then-existing state of mind "are the sort of questions that lay jurors have been answering without expert assistance from time immemorial," and therefore, these matters are not appropriate for expert testimony. *Kidder v. Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F. Supp. 2d 391, 404 (S.D.N.Y. 1998); *see also In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) ("Inferences about the intent and motive of parties or others lie outside the bounds of expert testimony.").

Accordingly, Defendant's Motion is **GRANTED** to the extent that it seeks to exclude evidence regarding Plaintiff's implanting surgeon's state of mind. *See In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at *15 (S.D.W. Va. Jan. 15, 2014) ("Dr. Margolis is qualified as a physician; he is not qualified by "knowledge, skill, experience, training or education" to opine on Ethicon's state of mind or knowledge.").

e) Testifying about certain untimely disclosed general opinions

Next, Defendant argues that Dr. Margolis should be precluded from testifying about certain untimely disclosed general opinions. In my April 18, 2018 Order, I ruled

that Dr. Margolis's March 27, 2018 supplemental report constituted a timely and proper supplementation under Rule 26(e). In addition, Plaintiff has disclosed Dr. Margolis as *both* a general and case-specific expert, and Dr. Margolis authored both general and case-specific reports in this case. Accordingly, Defendant's Motion is **DENIED** as to this issue.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion, [ECF No. 100], is **DENIED in part** and **GRANTED in part**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    May 15, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE