IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANNETTE SUTPHIN,

        Plaintiff,

v.                                                CIVIL ACTION NO.   2:14-cv-01379

ETHICON, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are (1) Defendant's Motion to Exclude Certain Testimony of Infectious Disease Specialist Experts, filed July 1, 2020, [ECF No. 283]; and (2) Plaintiff's Motion to file a sur-surreply, filed August 12, 2020, [ECF No. 303]. Response and reply times have passed, and the motions are ripe for decision.

In the Motion to Exclude, Defendant seeks to limit testimony of Drs. Shoham and Margolis. First, Defendant moves to exclude Dr. Shoham from offering general causation opinions. Second, Defendant moves to exclude Dr. Shoham from testifying as to whether Plaintiff has suffered from a MRSA infection or will need treatment for a MRSA infection in the future. Third, Defendant seeks to prevent Dr. Shoham from testifying about the likelihood that Plaintiff will develop a systemic infection. Fourth, Defendant seeks to exclude Dr. Shoham's testimony about Plaintiff's previous diagnoses of Bartholin cysts. Fifth, and finally, Defendant seeks to exclude any testimony by Dr. Margolis related to MRSA.

In response to Defendant's motion and recent events, Plaintiff seeks leave to file a sur-surreply, [ECF No. 303], after already being permitted to file a surreply, [ECF No. 295].

## I. Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods" which (3) has been reliably applied "to the facts of the case." Fed.R.Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). The proponent of expert testimony does not have the burden to "prove" anything. He must, however, "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm–O–Disc, Inc.,* 137 F.3d 780, 783 (4th Cir. 1998).

The district court is the gatekeeper.[1] It is an important role: "[E]xpert witnesses have the potential to be both powerful and quite misleading[;]" the court must "ensure that any and all scientific testimony ... is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001) (citing *Westberry v. Gislaved Gummi AB,* 178 F.3d 257, 261 (4th Cir. 1999) and *Daubert,* 509 U.S. at 588, 595, 113 S. Ct. 2786). I "need not determine that the proffered expert testimony is irrefutable or certainly correct"—"[a]s with all other admissible evidence, expert testimony is subject to testing by 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'"

*United States v. Moreland,* 437 F.3d 424, 431 (4th Cir. 2006) (quoting *Daubert,* 509 U.S. at 596, 113 S. Ct. 2786); *see also Md. Cas. Co.,* 137 F.3d at 783 (noting that "[a]ll *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable ... and helpful").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp,* 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert,* 509 U.S. at 593–94, 113 S. Ct. 2786).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry,* 178 F.3d at 261 (quoting *Daubert,* 509 U.S. at 594–95, 113 S. Ct. 2786); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999) ("We agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.' ") (citation omitted); *see also Crisp,* 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert's* five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of fit. Fit is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.... Rule 702's helpfulness standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert,* 509 U.S. at 591–92, 113 S. Ct. 2786 (internal citations and quotation marks omitted).

## II. Dr. Shoham's General Causation Opinions

Defendant moves to exclude any general causation opinions from Dr. Shoham because Plaintiff never disclosed Dr. Shoham as a general causation expert witness, but rather disclosed him only as a case-specific expert witness. [ECF No. 284, at 4–5]. However, "Plaintiff does not intend to offer Dr. Shoham as a general expert" and his testimony will be confined to "case-specific opinions including, but not limited to Plaintiff's medical history and conditions." [ECF No. 290, at 5]. Accordingly, Defendant's motion is **DENIED as moot** insofar as it seeks to exclude general causation testimony from Dr. Shoham [ECF No. 283].

## III. Dr. Shoham's MRSA Opinions

Defendant hopes to prevent Dr. Shoham from offering testimony that Plaintiff suffered from a MRSA infection on March 5, 2020; that it is possible she suffered from a MRSA infection prior to March 5, 2020; and from offering his opinions about complications that Plaintiff might suffer from future treatments for possible infections. [ECF No. 284, at 5–8]. With regard to Dr. Shoham's testimony that Plaintiff "more likely than not . . . had an [sic] MRSA infection" on March 5, 2020, Defendant contends that Dr. Shoham did not follow proper methodology to arrive at this conclusion. However, the record demonstrates that Dr. Shoham relied on "the

culture that was obtained" and "the clinical picture that was going on at that time." [ECF No. 289-9, at 20]. According to Dr. Shoham's report this conclusion was based on "the presence of MRSA on a surface culture in the context of the clinical findings of a vulvar abscess." [ECF No. 289-2, at 9]. Forming this opinion in reliance on his education, experience, and the medical literature he lists is an acceptable method of reaching this conclusion. Accordingly, Defendant's motion is **DENIED** to the extent that it seeks an order preventing Dr. Shoham from offering these MRSA-related opinions and testimony. [ECF No. 283].

### IV. Dr. Shoham's Systemic Infection Opinions

Defendant moves to exclude Dr. Shoham's testimony that it is "quite possible" that "a locally invasive infection could turn into a systemic infection." [ECF No. 284, at 8]. Defendant first argues that this opinion should be excluded because it was not disclosed in Dr. Shoham's expert report. Plaintiff correctly points out that Dr. Shoham did discuss the potentially invasive nature of an infection like MRSA in his report.

Defendant further argues that Dr. Shoham's testimony that it is "quite possible" that Plaintiff will develop a systemic infection should be excluded because it fails to prove that the systemic infection will develop with "reasonable certainty." *Callihan v. Surnaik Holdings of WV, LLC*, No. 2:17-cv-04386, 2018 WL 6313012, at *2 (S.D. W. Va. Dec. 3, 2018) (citing *Cook v. Cook*, 607 S.E.2d 459 (W. Va. 2004)). However, this argument misconstrues *Cook*. *Cook* does not set a burden that must be met before evidence can be presented to the jury, but rather the burden that must be met in front of the jury that would permit them to award future damages. *Cook*, 607 S.E.2d at 463. Plaintiff is under no obligation to show that the testimony of a single

5

expert will prove future damages to a "reasonable certainty" when it is the culmination of Plaintiff's evidence that will determine if this burden has been met. Accordingly, Defendant's motion is **DENIED** insofar as it seeks to exclude Dr. Shoham's testimony that it is "quite possible" that Plaintiff will develop a systemic infection in the future. [ECF No. 283].

## V. Dr. Shoham's Bartholin Cysts Opinions

Defendant moves to preclude Dr. Shoham from testifying that Plaintiff's previous diagnoses of Bartholin's cysts were incorrect. Defendant argues that Dr. Shoham's methodology is unreliable because he based his opinion on "hypothetical math." Specifically, Defendant is referencing this statement at Dr. Shoham's deposition:

> So just doing some hypothetical math, say one in a thousand women get Bartholin cysts. And then let's say one in a thousand women gets a skin abscess. And one in a thousand women get another abscess. So doing one in a thousand times one in a thousand times one in a thousand, that number becomes infinitesimally low.

[ECF No. 283-1, at 52–53].

A review of the deposition transcript reveals that this statement is clearly a rhetorical device that Dr. Shoham is using to demonstrate how unlikely it is, in his opinion, that all three of these infections would occur in one patient if they were unrelated, and that this "hypothetical math" is in no way representative of his methodology in coming to this opinion. Accordingly, Defendant's motion is **DENIED** to the extent that it seeks an order excluding Dr. Shoham's testimony that Plaintiff's previous diagnoses of Bartholin cysts were incorrect. [ECF No. 283].

## VI. Dr. Margolis's Opinions

6

Defendant seeks to exclude Dr. Margolis's MRSA-related testimony on the grounds that he is not qualified to give it, that the testimony lacks a sufficient foundation, and that it would be cumulative when considered with Dr. Shoham's testimony. While Dr. Margolis is not an infectious disease expert, he is a board-certified pelvic surgeon and urogynecologist who has treated over one hundred women with MRSA. Unlike in *Eghnayem*, where some of Dr. Margolis's opinions were excluded for lack of a scientific foundation, Dr. Margolis's opinions in this case are based on his training, experience, his personal examination of Plaintiff, and a review of scientific literature. *See generally Eghnayem v. Bos. Sci. Corp.*, 57 F Supp. 3d 658 (S.D. W. Va. 2014). While there is a possibility that Dr. Margolis's testimony might be cumulative of other testimony, I will not rule on this in advance and remind Plaintiff's counsel to plan accordingly to avoid the introduction of cumulative testimony. Accordingly, Defendant's motion is **DENIED** insofar as it seeks to exclude Dr. Margolis's MRSA-related testimony. [ECF No. 283].

### VII. Plaintiff's Motion to file a Sur-surreply

Plaintiff is seeking leave to file a sur-surreply to Defendant's Motion. [ECF No. 303]. Because each issue in Defendant's Motion is being resolved in this order, Plaintiff's Motion is **DENIED as moot.**

### VIII. Conclusion

In summary, the court **ORDERS** that (1) Defendant's Motion to Exclude Certain Testimony of Infectious Disease Specialist Experts [ECF No. 283] and (2) Plaintiff's Motion to file a sur-surreply [ECF No. 303] are **DENIED.**

7

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 28, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE