IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANNETTE SUTPHIN,

          Plaintiff,

v.                              CIVIL ACTION NO.   2:14-cv-01379

ETHICON, INC.,

          Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Reconsider, which was filed on September 2, 2020. [ECF No. 341]. Plaintiff asks the court to reconsider Defendant Ethicon Inc.'s ("Ethicon") Motion in *limine* to Preclude Evidence or Argument that Ultrapro and TVT-Abbrevo are Feasible Alternative Designs [ECF No. 216], which I granted in an earlier Memorandum Opinion and Order [ECF No. 329]. I find that a Response from Ethicon is not necessary for me to rule on this Motion. For the reasons that follow, I **DENY** the Motion to Reconsider [ECF No. 341].

I.    Background

Ethicon previously moved to preclude Plaintiff from offering any evidence or arguing that either Ultrapro or TVT-Abbrevo, both Ethicon products, are feasible alternative designs for the TVT-O that was implanted in Plaintiff. [ECF Nos. 216, 217]. In support of its Motion, Ethicon pointed to various statements by Plaintiff's experts recognizing that neither Ultrapro nor TVT-Abbrevo would have eliminated

the risks that injured Plaintiff. Instead, Plaintiff's experts could only opine that Ultrapro or TVT-Abbrevo may have decreased Plaintiff's risk of injury. Because I have previously held that, under West Virginia law, a strict products liability plaintiff "must prove that there was an alternative, feasible design—existing at the time of the product's manufacture—that would have *eliminated* the risk that injured" her, *Mullins v. Ethicon, Inc.*, No. 2:12-cv-02952, 2016 WL 7197441, *5 (S.D.W. Va. Dec. 9, 2016) (emphasis supplied), I **GRANTED** the Motion.

II. Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Whether to grant reconsideration of an interlocutory order is "committed to the discretion of the district court." *Am. Canoe Ass'n, Inc., v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Although a "motion for reconsideration under Rule 54(b) is not subject to the strictures of a Rule 60(b) motion," this district has been "guided by the general principles of Rules 59(e) and 60(b)" in determining whether a Rule 54(b) motion should be granted. *Shrewsbury v. Cyprus Kanawha Corp.*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998).

The Fourth Circuit has recognized three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Motions to reconsider "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (3d ed. 2012)).

### III. Discussion

Plaintiff asks the court to reconsider Ethicon's Motion *in limine* based on new evidence that was not available at the time the parties briefed the Motion. Specifically, Plaintiff's expert, Dr. Margolis, filed a supplemental report on August 13, 2020, several months after the parties briefed this Motion *in limine*. According to Plaintiff, Dr. Margolis' supplemental report provides sufficient support for Plaintiff's claims that Ultrapro and TVT-Abbrevo are feasible alternative designs because Dr. Margolis opines that the products would have "eliminated the risk of radical surgery and treatment" Plaintiff had in this case. *See* Ex. A., at 8 [ECF No. 341]. In the report, Dr. Margolis states the following:

> Alternative designs for the TVT-O have been previously described by me and would have prevented this injury. An absorbable mesh or biologic graft would not have remained in Ms. Sutphin's pelvis for so many years, thus eliminating long term risk of infection, fistula formation, and need for surgery she just had. These products were available and

3

>feasible at the time. Johnson & Johnson and Ethicon also sold the TVT-Abbrevo, which is a sling that is implanted in nearly the same manner, only much shorter than the TVT-O. *The Abbrevo still has the same polypropylene mesh, so presents risk of infection*, but is markedly shorter, so the mesh load is much reduced, *decreasing* the risk of infection. Further, any removal of the Abbrevo would be expected to be a less radical surgery than what happened here, as the sling itself is shorter. While the Abbrevo isn't an ideal solution, it decreases risk and Mrs. Sutphin likely would not have needed radical surgery she had to get an Abbrevo out.

*Id.* (emphasis supplied). Then, after describing other potential alternatives to the TVT-O, Dr. Margolis added, "All of these other options . . . would have eliminated the risk of radical surgery and treatment [Plaintiff] had here." *Id.*

Plaintiff's Motion to Reconsider is entirely based on Dr. Margolis' use of the word "eliminated" in reference to some of the potential TVT-O alternatives he describes. However, Dr. Margolis does not even mention Ultrapro. And, when he discusses TVT-Abbrevo, he again concedes that it "presents [a] risk of infection," albeit a decreased one. *Id.* Dr. Margolis' supplemental report does not present new evidence sufficient to warrant reconsideration of my prior ruling.

## IV. Conclusion

For the foregoing reasons, I **DENY** Plaintiff's Motion [ECF. No. 341]. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 3, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4